UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DARREL BRUNSON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:26-cv-00303-JAW |
| | ) | |
| WELLPATH LLC, et al., | ) | |
| | ) | |
| Defendants | ) | |

## RECOMMENDED DECISION AFTER REVIEW OF PLAINTIFF'S COMPLAINT

Plaintiff filed a complaint alleging that he did not receive proper treatment for an eye condition while in custody at the York County Jail and the Maine Correctional Center (MCC). (Complaint, ECF No. 1.) Plaintiff also filed an application to proceed without prepayment of fees (ECF No. 2), which application the Court granted. (Order, ECF No. 4.) In accordance with the statute that governs actions in which a plaintiff is permitted to proceed without prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

After a review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915, I recommend that the Court dismiss the complaint unless Plaintiff files an amended complaint that successfully addresses the deficiencies identified in this recommended decision.

## FACTUAL ALLEGATIONS[1]

At some point while Plaintiff was in custody at the York County Jail in November 2024, he developed an eye condition that he contends required medical attention.[2] Between April 2025 and October 2025, Plaintiff submitted several "sick call" slips and grievances requesting pain relievers for eye pain. Plaintiff was referred to one or more outside ophthalmologists. In May 2025, one of the eye doctors prescribed certain eye drops, but in the following months, Plaintiff asserted in "sick call" slips that the drops were not addressing the eye pain adequately. Plaintiff was approved for another ophthalmology consultations in August and September 2025.

On October 6, 2025, Plaintiff was transferred to MCC. According to Plaintiff, after he arrived at MCC, he was denied permission to keep his prescribed eye drops on his person. Plaintiff submitted a "sick call" slip requesting to keep the eye drops on his person, but an employee from Defendant Wellpath responded on October 14, 2025, that prisoners in his unit were not permitted to maintain their medications with them but instead they received their medications through a medical cart. Plaintiff asserts that medical providers instructed him to use eye drops in both eyes, while he maintained that he should only be using eye drops in one of his eyes.

[1] The following facts are derived from Plaintiff's complaint and attachments.

[2] Plaintiff did not explain the eye condition, but in a letter postmarked in December 2025 that he attached to his complaint, Plaintiff asserted that at some point he developed a detached retina. (Attachment at 2, ECF No. 1-4.)

In March 2026, an ophthalmologist recommended a surgical consultation for Plaintiff's condition. He had surgery in March 2026. Plaintiff asserts that he now has permanent vision loss in one eye.

## STANDARD OF REVIEW

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding pursuant to § 1915, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting T*wombly*, 550 U.S. at 569 n. 14).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.,* 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## DISCUSSION

Plaintiff's federal claim pursuant to 42 U.S.C. § 1983 would be governed by the Eighth Amendment to the United States Constitution. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. From this prohibition, "courts have derived the principles that govern the permissible conditions under which prisoners are held and that establish the medical treatment those prisoners must be afforded." *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "The Eighth Amendment, applied to the states through the Fourteenth Amendment, protects incarcerated people from state corrections officials' 'deliberate indifference to serious medical needs.'" *Zingg v. Groblewski*, 907 F.3d 630, 634-35 (1st Cir. 2018) (quoting *Feeney v. Corr. Med. Servs.*, Inc., 464 F.3d 158, 161-62 (1st Cir. 2006); *see Perry v. Roy*, 782 F.3d 73, 78 (1st Cir. 2015). To allege "a claim of deliberate indifference based on inadequate or delayed medical care, 'a plaintiff must satisfy both a subjective and objective inquiry.'" *Perry*, 782 F.3d at 78 (quoting *Leavitt v. Corr. Med. Servs.*, 645 F.3d 484, 497 (1st Cir. 2011)).

To demonstrate a claim under the objective prong, a plaintiff "must show that []he has a serious medical need for which []he has received inadequate treatment." *Kosilek*, 774 F.3d at 85. For a medical condition to be objectively "serious," there must be "a sufficiently substantial 'risk of serious damage to [the inmate's] future health.'" *Farmer*, 511 U.S. at 843 (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). This "requires that the need be 'one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Kosilek*, 774 F.3d at 82 (quoting *Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990)). However, this "does not impose upon prison administrators a duty to provide care that is ideal, or of the prisoner's choosing." *Id.* (citations omitted). "Rather, the Constitution proscribes care that is 'so inadequate as to shock the conscience.'" *Id.* at 83 (quoting *Torraco v. Maloney*, 923 F.2d 231, 235 (1st Cir. 1991)).

Under the subjective prong, "a plaintiff must show 'that prison officials possessed a sufficiently culpable state of mind, namely one of deliberate indifference to an inmate's health or safety.'" *Perry*, 782 F.3d at 78 (quoting *Leavitt*, 645 F.3d at 497). Thus, "even if medical care is so inadequate as to satisfy the objective prong, the Eighth Amendment is not violated unless prison administrators also exhibit deliberate indifference to the prisoner's needs." *Kosilek*, 774 F.3d at 83. "For purposes of this subjective prong, deliberate indifference 'defines a narrow band of conduct,' and requires evidence that the failure in treatment was purposeful." *Id.* (citation omitted) (quoting *Feeney*, 464 F.3d at 162); *see Perry*, 782 F.3d at 79 (stating that deliberate indifference "requires evidence that

the absence or inadequacy of treatment is intentional"). A constitutional claim may arise when "the treatment provided [was] so inadequate as 'to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind.'" *Leavitt*, 645 F.3d at 497 (quoting *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)). However, "when a plaintiff's allegations simply reflect a disagreement on the appropriate course of treatment, such a dispute with an exercise of professional judgment may present a colorable claim of negligence, but it falls short of alleging a constitutional violation." *Feeney*, 464 F.3d at 162 (alterations and quotation marks omitted). Moreover, "[p]rison officials 'who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted.'" *Giroux v. Somerset County*, 178 F.3d 28, 33 (1st Cir. 1999) (quoting *Farmer*, 511 U.S. 825 at 844); *see Burrell v. Hampshire Cnty.*, 307 F.3d 1, 8 (1st Cir. 2002) (recognizing that the focus of the deliberate indifference analysis "is on what the jailers knew and what they did in response").

Given that Plaintiff alleges that his condition resulted in some permanent loss of vision, Plaintiff has alleged facts that would support a finding that he suffered from a serious medical condition that required medical care. Plaintiff, however, has not alleged facts that would plausibly establish that he received inadequate treatment as contemplated by the deliberate indifference standard.

According to Plaintiff, while he was at the York County Jail, he was transported to multiple outside appointments with ophthalmologists. He was prescribed medication that Plaintiff obtained and used. After he was transferred to MCC, Plaintiff apparently

continued to receive his medication.[3] Plaintiff does not allege that the referral to the ophthalmologists was inappropriate or that Defendants should not have relied on the ophthalmologists' treatment recommendations.

Plaintiff argues there was a delay of some kind at some point in securing necessary treatment. Plaintiff's complaint, however, lacks sufficient facts to support a finding of a delay that reflects inadequate care. For example, the complaint does not state when the delay occurred or who was allegedly responsible for the delay. Further, the alleged delay is not apparent upon review of the medical records and other documents attached to the complaint. The first reference in the documents regarding the need for an urgent surgical consult appears to be in the notes of Plaintiff's visit with an ophthalmologist on March 20, 2026. (Attachment at 5, ECF No. 1-3); Plaintiff alleges that he had surgery in March 2026. (Complaint at 2). In sum, Plaintiff has not alleged enough facts to satisfy the objective prong of the deliberate indifference standard.

The allegations also lack the facts necessary to satisfy the subjective prong of the deliberate indifference standard. Plaintiff has named as defendants two supervisory officials and the entire medical staff at the two correctional facilities, but he has not described the conduct of any individual. In other words, there are no alleged facts as to what any defendant knew about Plaintiff's condition, when that person might have learned the information, or what the person should have done but failed to do. Instead, Plaintiff

[3] Plaintiff complains that he could not maintain possession of the medication and had to access the medication through the medical cart. He does not allege that he was deprived of the medication.

broadly faults all the defendants for a delay and for ignoring the recommendation for surgery. Because Plaintiff has not sufficiently alleged what any defendant "knew and what [the defendant] did in response," *Burrell*, 307 F.3d at 8. (1st Cir. 2002), Plaintiff has not satisfied the subjective prong of the deliberate indifference standard.

Finally, Defendant Wellpath is a private contractor that provides medical services at a jail or prison. "Because vicarious liability is inapplicable to Bivens and § 1983 suits," each defendant can only be held liable for their own individual actions. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). For that reason, courts have generally treated contractor entities like a municipality. *See Wall v. Dion*, 257 F. Supp. 2d 316, 319-20 (D. Me. 2003); *see also Witham v. Corizon, Inc.*, No. 2:12-cv-00146-NT2012 2012 WL 5267657, at *7 & n.4 (D. Me. Sep. 17, 2012). "[A]lthough a municipality may not be held liable under a theory of respondeat superior for an employee's constitutional violation, it may be held liable when 'execution of [the municipality's] policy or custom . . . inflicts the injury' and is the 'moving force' behind the employee's constitutional violation." *Saldivar v. Racine*, 818 F.3d 14, 20 (1st Cir. 2016) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). To establish liability, courts "look at whether there was a 'direct causal link' between the policy and the violation, or if the policy 'actually caused' the violation." *Burrell v. Hampshire County*, 307 F.3d 1, 10 (1st Cir. 2002) (quoting *Canton v. Harris*, 489 U.S. 378, 385, 391 (1989)). Plaintiff has not alleged an official custom or policy of Defendant Wellpath that was the "moving force," *Saldivar*, 818 F.3d at 20, behind his alleged constitutional violation. As such, Plaintiff has not alleged a "'direct causal link' between [a] policy and [a] violation." *Burrell*, 307 F.3d at 10 (quoting *Canton*, 489 U.S. at

385). Plaintiff, therefore, has failed to allege sufficient facts to support a plausible claim for relief against Defendant Wellpath.

## Conclusion

After a review pursuant to 28 U.S.C. § 1915, for the reasons discussed above, I find that Plaintiff has not alleged sufficient facts to support an Eighth Amendment deliberate indifference claim. Accordingly, unless within the time to file objections to this recommended decision, Plaintiff files an amended complaint that successfully addresses the deficiencies identified herein, I recommend the Court dismiss Plaintiff's complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 23rd day of October, 2026.